[77]                   CORYELL v. COLBAUGH.

A judgment between other parties shall not prejudice a person not party or privy to the record.   Damages in action of breach of promise of marriage should be exemplary ; not to be measured by defendant's poverty.

This was an action on a promise of marriage, which was fully proved, with strong circumstances of aggravation.

*R. Stockton,* for defendant, in mitigation of damages, offered to prove that an action had been brought by the plaintiff's father against the defendant for getting her with child, loss of service, &c., and upon its being left to arbitrators, they, by consent of parties, had gone into the whole inquiry, both as to the promise of marriage and seduction, and had awarded the exemplary sum of £75 3s. 9d., for which judgment was entered.   He said it would be a double recovery, and a trick, to assess damages independent of the former sum, and cited the case of *Edmonson* v. *Machell,* 2 *Term Rep.* 4.

The court refused this evidence.   They said it was against every rule of evidence, that a verdict between other parties,

Coryell v. Colbaugh.

" *res inter alios acta*," should prejudice a person not party or privy to the record ; that if this was so, the most which could be made of it would be a ground for a new trial in the other suit ; but legally, the plaintiff could claim no benefit from the other suit. It was her father's action—she is not to be affected by it here. It was further insisted on, as a ground for small damages, that the defendant was poor, which seemed not to be contradicted.

The Chief Justice, in his charge to the jury, said that the injury complained of was of the most atrocious and dishonorable nature, and called for exemplary damages. That such conduct went to destroy the peace and prospects, not only of the injured woman, but to render families and parents wretched by the ruin of their children. He told the jury that they were not to estimate the damages by any particular proof of suffering or actual loss ; but to give damages for *example's* sake, to prevent such offences in future ; and also to allow liberal damages for the breach of a sacred promise and the great disadvantages which must follow to her through life. That in this case they were to consider not only the past [78] injury, but every consequence in future. He repeated in very strong terms his detestation of such conduct, and told the jury they were bound to no certain damages, but might give such a sum as would mark their disapprobation, and be an example to others. That the defendant's poverty ought not to prevent exemplary damages ; that poverty was no justification or extenuation of a crime like this, and it was their duty to measure the injury he had done, and not the purse of the defendant ; that it would be better to treat him in this manner than, by giving small damages, to countenance an idea that a man, because poor, should be let loose on society. He concluded by observing that it was a serious matter—involved in it the protection of innocence, the prevention of disgrace to families, and the punishment of offences too common, and too often lightly treated.

CITED *in Coil* v. *Wallace,* 4 *Zab.* 307.